[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
This case is before this court pursuant to a remand by the Appellate Court for "further proceedings to determine the amount of the defendants' outstanding liability on the subject note consistent with this opinion."George A. Thompson, Trustee v. David Orcutt, Et Al., 70 Conn. App. 427,442 (2002).
A brief summary of the history of this foreclosure case which was appealed twice to the Appellate Court and once to the Supreme Court, is that the Appellate Court found that the mortgage being foreclosed could be pursued by the plaintiff's partner, Jack Rosenblitt, even tho it could not be pursued by the plaintiff because of his fraud on the Bankruptcy Court. This was the Appellate Court's holding although Rosenblitt is not a party to this action at this time.
The defendants' motion seeks dismissal of the case because they claim that the plaintiff (Thompson) has no legal right at this point to continue this action because of his fraudulent conduct. The note was ordered released as to Thompson by the trial court and affirmed by the Appellate Court. Thompson Trustee, supra p. 436.
Although the defendants argue that the plaintiff has no authority to pursue this action because of the court's order of release of the lien as to the plaintiff, it nevertheless mandated that this court "determine the amount of the defendants' outstanding liability" because it had concluded that the plaintiff's fraud "took place outside the scope of the partnership's business"; p. 433, it also ruled that Rosenblitt is not barred "from pursuant either the equitable or legal remedies available to him to enforce his rights with respect to the subject note and mortgage . . .", p. 437.
Consequently, it is this court's opinion that to dismiss this action would be in violation of the Appellate Court's mandate "to determine the CT Page 14339 amount of the defendants' outstanding liability on the subject note."
The motion to dismiss is therefore denied.
___________________ Freed, J. CT Page 14340